Submitted on record and appellant's brief January 31, affirmed March 13, reconsideration denied May 24, petition for review allowed May 31, 1978

STATE OF OREGON, *Respondent,*
*v.*
GASTON CLOUTIER, *Appellant.*
(No. 77-1620, CA 9175)
575 P2d 996

Gary D. Babcock, Public Defender, and Stephanie A. Smythe, Deputy Public Defender, Salem, filed the brief for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem, appeared for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

We perceive the question before us to be whether *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978), implicitly held that ORS 131.505, enacted in 1973, overruled *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), which held a defendant could not be separately convicted and sentenced for burglary and the crime intended to be committed within the burglarized premises. We conclude that the *Gilbert* analysis is so inconsistent with *Woolard* that *Woolard* must be deemed to have been overruled by ORS 131.505.

■ Defendant was charged with first degree burglary and attempted second degree theft, the burglary charge reading he "did unlawfully * * * enter * * * a dwelling * * * with the intent to commit a crime therein." The failure to identify the crime defendant intended to commit makes this charge subject to a demurrer in the nature of a motion to make more definite and certain under *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977), decided after the trial in this case. But we can easily discern from the short record that the state's theory of the burglary charge was that defendant entered the dwelling intending to commit theft. The attempted theft charge merely indicates that defendant was not successful in fully consummating what he intended to do when he illegally entered the dwelling.

Defendant's sole assignment of error is that the trial court erred in entering judgments of conviction and imposing sentences on both charges. Although the sentencing order may be capable of other interpretations, the state has filed a confession that the trial court erred under *State v. Woolard, supra.*[1] We nevertheless affirm.

---

[1] The relevant part of the sentencing order provides:

"It is hereby CONSIDERED, ORDERED and ADJUDGED that GASTON CLOUTIER is GUILTY of the crime of 'COUNT I: BURGLARY IN THE FIRST DEGREE and COUNT II: ATTEMPTED THEFT IN THE SECOND DEGREE,' and it is the judgment of the Court that

### I. The Confession of Error

■ It has generally been the practice and policy of this court to accept and not to look behind any litigant's confession that a lower tribunal committed reversible error. *Cf. State v. Galloway,* 31 Or App 393, 570 P2d 113 (1977). We deem it appropriate to deviate from that policy, however, in this unusual case where the state's confession that the trial court committed reversible error under *Woolard* was filed before the Supreme Court's decision in *Gilbert.*

### II. The Supreme Court's *Gilbert* Decision

When a search warrant was executed, the defendant in *Gilbert* was found to be in possession of numerous items of stolen property, mostly firearms, that proved to be the property of various individuals. The state charged the defendant in *Gilbert* with numerous counts of theft by receiving and concealing, six of which were considered by the Supreme Court. The court stated the question to be:

> "* * * [D]oes conduct of the accused consisting of having withheld at the same time and place six different firearms, stolen from six different persons, constitute one offense of theft by withholding or six different offenses." 281 Or at 106.

■ The court reasoned the answer was to be found in legislative intent, and found the answer in ORS 131.505:

> "As used in ORS 131.505 to 131.525 [former jeopardy], unless the context requires otherwise:
> "* * * * *
>
> "(2) When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.
>
> "(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more

■

he be sentenced to the OREGON STATE CORRECTIONS DIVISION for a period of FOUR (4) YEARS."

[ 124 ]

victims, and the result is an element of the offense defined, there are many offenses as there are victims."

"* * * * *."

As the Supreme Court interpreted and applied ORS 131.505(3),

"* * * when one defendant, at the same time and place, withholds the property of two or more victims there are as many offenses as there are victims. Each indictment against the defendant, therefore, charges a separate offense * * *." 281 Or at 109.

So in determining whether a given act or transaction constitutes one or more offense, for crimes against persons, ORS ch 163, and crimes against property, ORS ch 164, the number of offenses is the same as the number of victims.

The first part of ORS 131.505, as quoted above, expressly states it only contains definitions to be used in applying Oregon's statutory double jeopardy rules. The question of the number of offenses committed can arise in a variety of contexts; it is certainly possible for the legislature to define the number of offenses committed for the sole purpose of applying the statutory double jeopardy rules. *Compare* ORS 484.395(1):

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other * * *.",

*with Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), which, considered together with the constitutional double jeopardy rule of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), could lead to a contrary result when the traffic offense is drunk driving. The Oregon Supreme Court has previously suggested that the failure to distinguish between double jeopardy problems and other situations involving whether given conduct constitutes more than one crime is a "boner." *State v. Welch,* 264 Or 388, 391, 505 P2d 910 (1973), citing Fisher, *Double Jeopardy: Six*

[ 125 ]

*Common Boners Summarized,* 15 UCLA L Rev 81 (1967). In *Gilbert* the Supreme Court must have concluded the legislature committed this common "boner" because what is stated by the legislature to be a double jeopardy statute was deemed by the court as controlling on the general question of whether given conduct constitutes one or more crimes. It should be noted, however, that the commentary of the draftsmen of ORS 131.505, quoted in *Gilbert,* does support the *Gilbert* interpretation.

■ In equating multiple victims with multiple offenses, we do not read ORS 131.505(3) and *Gilbert* as establishing that the converse is true: that the mere fact that there was a single victim necessarily means that there was only one offense. A person may repeatedly assault the same victim, repeatedly rape the same victim or repeatedly steal from the same victim. Depending upon the spatial, temporal and perhaps other circumstances, such conduct could constitute separate offenses.

■ *Gilbert* purports to reserve the question of whether separate sentences can be imposed following conviction on separate offenses. However, an offense is conduct "for which a sentence to a term of imprisonment or to a fine is provided by any law of this state." ORS 161.505. Thus, as *State v. Callaghan,* 33 Or App 49, 576 P2d 14 (1978), holds, it logically follows that separate sentences are authorized for separate offenses.

*Gilbert* and the statute it relies upon, ORS 131.505, can possibly be read too literally. Simplistically speaking, robbery consists of a combination of assault and theft. *See* ORS 164.395 to 164.415; ORS 164.005 to 164.055; ORS 163.165 to 163.185. Given the statement in ORS 131.505(2) that "each such violation constitutes a separate and distinct offense," does this mean a person could be convicted of robbery *and* assault *and* theft for a single incident? We think not, which makes

it necessary to note some of the presently apparent qualifications on the *Gilbert* rule.

## III. Constitutional Limitations

■ As the Supreme Court suggested in *Gilbert,* 281 Or at 106-07, n 2, the Double Jeopardy Clause of the Fifth Amendment may limit the state's ability to carve a single act up into several crimes. That suggestion is documented by *Brown v. Ohio,* 432 US 161, 97 S Ct 2221, 53 L Ed 2d 187 (1977). The defendant in *Brown* was convicted of "joyriding." He was then prosecuted, over a double-jeopardy objection, for "car theft." Accepting the state court interpretation that "joyriding" was a lesser-included offense of "car theft," the United States Supreme Court held that latter prosecution to be impermissible under the Double Jeopardy Clause. But in this state we need not invoke the Constitution or *Brown v. Ohio, supra,* to reach that result; it would be reached applying the statutes discussed below.

## IV. Statutory Limitations

■ Other statutes, aside from ORS 131.505 as interpreted in *Gilbert,* are germane to the question of imposition of convictions and punishments for a single act; when considered together with ORS 131.505 they limit a literal application of that statute.

For example, ORS 136.460 provides:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

And ORS 136.465 provides:

> "* * * In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

Construing these two statutes, in *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975), the Supreme Court stated:

"* * * [U]nder these statutes * * * [ORS 136.460 to 136.465] there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant *guilty of the lesser offense and innocent of the greater* * * *." (Emphasis supplied.)

We think these statutes and *Washington* boil down to substantially the same rule apparently applied by the United States Supreme Court in *Brown v. Ohio, supra;* a person can be convicted of a greater crime *or* its lesser-included components but not both because conviction on the greater encompasses the lesser and because conviction on the lesser is tantamount to acquittal on the greater.[2]

It will still be necessary when the issue arises to analyze the statutory scheme involved to determine whether the state is seeking separate convictions for a greater offense *and* a lesser-included offense; *e.g., State v. Fitzgerald,* 14 Or App 361, 513 P2d 817 (1973). We do not understand ORS 131.505 or *Gilbert* as foreclosing that inquiry.

Another example of a legislative limitation on a literal application of ORS 131.505 is ORS 161.485:

"* * * * *.

"(2) A person shall not be convicted of more than one offense defined by ORS 161.405 [attempt], 161.435 [solicitation] and 161.450 [conspiracy] for conduct designed to commit or to culminate in commission of the same crime.

---

[2]It would appear, for example, that when a defendant is charged with felony murder under ORS 163.115(1)(b) the felony is included within the murder charge. It would follow under our analysis stated above that a defendant could not be separately convicted and sentenced for felony murder and the included felony. If this is the case, serious question is raised about our decision in *State v. Fish,* 29 Or App 15, 562 P2d 220, *rev allowed* (1977). But we need not here resolve that question.

[ 128 ]

"(3) A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

*See State v. Reed,* 15 Or App 593, 517 P2d 318 (1973).

Yet another legislative limitation on ORS 131.505 would be legislative intent, expressed at the time of adoption of a substantive offense, that given conduct should not give rise to multiple convictions and punishments. An illustration is *Doran v. State of Oregon,* 270 Or 758, 529 P2d 928 (1974). That case involved a statutory scheme, since repealed, in which one statute prohibited driving under the influence of intoxicating liquor and another prohibited driving with .15 percent or more of alcohol in the blood. The question was whether a driver could be convicted under both statutes. One expression of legislative intent is ORS 131.505(2): "When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense." Yet without citing ORS 131.505, which had then been in effect for almost a year, the Supreme Court concluded a driver could not be convicted under both statutes, relying upon the legislative history of the adoption of the former traffic offenses in question. Either *Doran* would have reached the opposite conclusion had the court applied ORS 131.505, as it did in *Gilbert,* or *Doran* stands for the proposition that other indications of legislative intent such as legislative history can overcome the intent expressed in ORS 131.505.

V. The *Woolard* Issue

The defendant in this case violated two distinct statutory provisions: ORS 164.225, which defines the crime of first degree burglary; and ORS 164.045 and 161.405, which read together define the crime of attempted second degree theft. ORS 131.505(2) provides that when conduct violates two or more distinct

[ 129 ]

statutory provisions there are as many distinct offenses as there are statutory violations. As noted above, the very definition of an "offense," ORS 161.505, denotes that separate convictions and separate sentences are authorized for separate offenses. It follows that separate convictions and sentences were proper in this case.

This conclusion may seem too simple. It assumes that ORS 131.505(2) amounts to a legislative repeal of *State v. Woolard, supra,* even though there is no statement concerning *Woolard* in the published legislative history. It assumes that the appellate judiciary has consistently erred in following *Woolard* during the more than four years since ORS 131.505(2) became effective.[3] It fails to explain why the Legislative Assembly, which has met twice since adopting ORS 131.505(2), has done nothing to clarify its intent. Nevertheless, this conclusion follows inevitably from the Supreme Court's analysis in *State v. Gilbert, supra.*

We have noted some of the presently apparent qualifications on a literal reading of *Gilbert.* None of them changes the result here. There is no constitutional double-jeopardy bar of the type discussed in *Brown v. Ohio, supra,* to separate convictions given the fact that a burglary charge does not "necessarily include" a theft charge. *State v. Washington, supra.* For the same reason ORS 136.460 and 136.465 are no bar to separate convictions. There is no express legislative limitation, such as ORS 161.485, on separate convictions on the charges here at issue. Finally, we can find no legislative history of the type relied upon in *Doran v. State of Oregon, supra,* which establishes a legislative intent to limit the number of convictions on the facts of this case.

■ We conclude there is no longer any general prohibition on convicting and sentencing both for burglary

---

[3] *E.g., Doran v. State of Oregon,* 270 Or 758, 529 P2d 928 (1974); *State v. Highland,* 28 Or App 251, 558 P2d 1298 (1977); *State v. Prado,* 26 Or App 481, 552 P2d 1317, *rev den* (1976).

and the crime or crimes intended to be and in fact committed within the burglarized premises.

Affirmed.