Argued January 18, affirmed as modified March 19, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# LARRY W. SHIPLEY, *Appellant.*
## (No. 78-3398, CA 11638)
592 P2d 237

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant was convicted upon his plea of guilty to a two- count indictment charging attempted burglary in the first degree while armed with a deadly weapon and being an exconvict in possession of a concealable firearm. He appeals the sentence as excessive.

The defendant appeared for plea without an attorney and expressed his intention to plead guilty and his desire for immediate sentencing. The court advised him prior to accepting his sentence that he would be subject to a ten-year sentence for attempted burglary and a five-year consecutive sentence for possession, making a total possible sentence of 15 years. Defendant indicated that he understood and the court accepted his guilty plea.

After receipt of a presentence investigation, the court sentenced the defendant to ten years' imprisonment on the attempted burglary charge, enhanced by another ten years for having committed the crime while armed with a pistol, ORS 166.230, making a total sentence of 20 years. In addition, the defendant was sentenced to five years on the possession charge, to run consecutive to the burglary sentence, making a total on both charges of 25 years' imprisonment.

First, there is no reason for us to conclude that the defendant's sentence was excessive in light of his background, the gravity of the offense and the need for protection of the public.

Next, defendant argues that the sentence is invalid because the court failed to state the reasons for imposing the sentence as required by ORS 137.120. The state confesses error, citing *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978). The confession is not binding upon us, *State v. Cloutier,* 33 Or App 121, 575 P2d 996, *rev allowed* (1978); *see St State v. Galloway,* 31 Or App 393, 570 P2d 113 (1977)(concurring opinion of Tanzer, J.) The trial judge reviewed by the extensive number of burglaries committed by this defendant and

[285]

his prior convictions for robbery. He then concluded that lengthy incarceration was necessary for the protection of the public. That statement of reasons is sufficient under *State v. Dinkel.*

■ Defendant next contends that the ten-year enhancement pursuant to ORS 166.230 of the attempted burglary sentence was unlawful because being armed with a deadly weapon is an element of the crime of burglary in the first degree under ORS 164.225(1)(a). We so held in *State v. Howe,* 26 Or App 743, 747, 554 P2d 605 (1976). Therefore the ten-year enhancement portion of the sentence is excessive and must be vacated.

■ Defendant further contends that the sentence is invalid because the court violated ORS 135.385 which requires that the court, before accepting a plea of guilty from an unrepresented defendant, must inform the defendant of "the maximum possible sentence on the charge, including the maximum possible sentence from consecutive offenses." Because the advice given to the defendant prior to accepting his plea was correct, because the erroneous portion of the sentence is vacated and because the remaining portion of the sentence is consistent with the advice given, we find no error in this regard.

Affirmed as modified.