On respondent's motion to dismiss in CA A65874 filed March 25; on respondent's motion to dismiss in CA A65667 filed April 4; on respondent's motion to dismiss in CA A65186 filed April 18; on respondent's motion to dismiss in case CA A65058 filed April 24, motions to dismiss denied; judgments affirmed in A65874, A65186 and A65058 September 4, reconsideration denied October 24, 1991, petition for review denied January 21, 1992 (312 Or 588)

STATE OF OREGON,
*Respondent,*

*v.*

JACK IRVIN COOK,
*Appellant.*

(C90-01-30078; CA A65874)

STATE OF OREGON,
*Respondent,*

*v.*

JAMES WALTHER DAVID,
*Appellant.*

(C90-03-31894; CA A65667)

STATE OF OREGON,
*Respondent,*

*v.*

SHANDLEY S. HAZELTON,
*Appellant.*

(CM 89-1052; CA A65186)

STATE OF OREGON,
*Respondent,*

*v.*

STEPHEN VENTON HEATH,
wtn is STEPHEN VINTON HEATH,
*Appellant.*

(10-90-01938; CA A65058)

(Cases Consolidated for Opinion Only)

816 P2d 697

Carol J. Fredrick, Assistant Attorney General, Salem, for motion in CA A65874. With her on the motion were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Public Defender, Salem, *contra*.

Douglas F. Zier, Assistant Attorney General, Salem, for motion in CA A65667. With him on the motion were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

E. Ted Meece and Deich & Meece, Portland, *contra*.

Janet A. Klapstein, Assistant Attorney General, Salem, for motion in CA A65186 and CA A65058. With her on the motion were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Public Defender, Salem, *contra*.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In these four appeals, which we have consolidated for decision, each defendant has appealed from a sentence that is conceded to be within the presumptive range of the sentencing guidelines. ORS 137.010; OAR 253-04-001. The state has moved to dismiss each appeal. It argues that, because each sentence is within the presumptive range, they are not subject to review.

As part of the sentencing guidelines, the legislature enacted ORS 138.222(7), which allows either the state or the defendant to appeal from "a judgment of conviction based on the sentence [imposed under the guidelines] * * * subject to the limitations of this 1989 Act." Those limitations are contained in ORS 138.222, which provides, in part:

"(1)  Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"(2)  On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"(a)  Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board.

"* * * * *

"(4)  In any appeal, the appellate court may review a claim that:

"(a)  The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"

In their responses to the state's motions, defendants concede that, under ORS 138.222(2)(a), a presumptive sentence cannot be reviewed. OAR 253-03-001 defines "Presumptive sentence" as

"the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime seriousness ranking of the current crime of conviction and the offender's criminal history."

The commentary explains the use of the "grid block":

> "The Sentencing Guidelines Grid is an offender classification tool whereby each offender is classified for each crime of conviction in one of ninety-nine cells. The offender's grid block classification is used to establish a presumptive sentence for the crime of conviction. The presumptive sentence is the sentence that should be imposed in the usual case."

Commentary, *Criminal Justice Council's Implementation Manual* 90 (1989).

■ Defendants recognize that the right to appeal and the scope of review are controlled by statute. *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988). None challenges the constitutionality of the grid blocks, asserts that a grid block range does not come within the statutory limits for the criminal conviction or raises a constitutional challenge to any limitation on review of presumptive sentences. Their argument is that an exception to the limitation is provided by ORS 138.222(4)(a) so that,

> "when [a] defendant asserts that the sentence was cruel and unusual, excessive, disproportionate or that he was entitled to downward departure, his challenge necessarily rests upon a jurisdictional claim that the Court failed to comply with provisions of law contained in the Eighth Amendment as well as Article I, sections 15 and 16. ORS 138.222(4)(a) provides jurisdiction under such circumstances."

Defendants' interpretation would effectively nullify in every case the prohibition against review in ORS 138.222(2)(a). We cannot act as if the legislature intended impliedly to repeal the prohibition by the same legislation that enacted it.

A sentence within the presumptive range is within the maximum and minimum allowable by law and complies with the "requirements of law." When a criminal conviction and criminal history place a defendant within a particular grid block subsection, ORS 138.222(2)(a) expressly prohibits review of any sentence within the range. What *is* permitted by the exception in ORS 138.222(4)(a) is review of a claim that the presumptive sentence rests on a legal error. In other words, reading ORS 138.222(2)(a) and ORS 138.222(4)(a) together, as we must, compels the conclusion that we have no

authority under the guidelines statute and rules to review a presumptive sentence.

Even though that reading of the statute is the only reasonable one, our rejection of defendants' argument also comports with the record of the legislative history. In drafting the ORS 138.222(4)(a) exception, the Criminal Justice Council sought language that would allow an appeal if the sentencing court had acted without authority from the statutes or rules. See Minutes, Criminal Justice Council, February 17, 1989. Later, testimony before the Senate Judiciary Committee was to the effect that an appeal was to be available only for an "illegal" sentence. Minutes, Senate Judiciary Committee, June 2, 1989. On the Senate floor, Senator Springer stressed that the Judiciary Committee had worked to limit the circumstances in which an appeal could be taken and that the court could not review sentences within the presumptive sentence provided by the rules. Senate Session, June 15, 1989.

Under ORS 138.222(7), we have jurisdiction of the appeals and, therefore, cannot dismiss them. We deny the motions to dismiss. However, as discussed below, there is nothing in A65874, A65186 and A65058 that we can review and we affirm the judgments.[1]

■ In A65874, defendant failed to preserve any claim of error. Enactment of ORS 138.222 did not alter the requirement that a defendant preserve a claim of error in the trial court. *State v. Orsi/Gauthier,* 108 Or App 176, 180, 813 P2d 82 (1991). Defendant pled no contest[2] to kidnapping with a firearm and sodomy with a firearm. In his brief, he argues that the presumptive sentence is excessive and cruel and

---

[1] The claims of error in these cases really ask this court to substitute its judgment for that of the sentencing court. Our review is, as it has been, for errors of law. ORS 138.220; ORS 138.222(4)(a).

[2] Before enactment of the sentencing guidelines in 1989, the scope of review from a sentence after a plea of guilty or no contest was governed by ORS 138.050. In *State v. Bateman,* 95 Or App 456, 771 P2d 314, *rev den* 308 Or 197 (1988), we concluded that the only review under ORS 138.050 was for whether the sentence exceeded the maximum allowed by statute or was cruel and unusual. We noted that a sentence unlawfully arrived at for any reason exceeds the maximum — and minimum — allowable by law. 95 Or App at 463. In effect, ORS 138.222(2)(a) and (4)(a) apply the scope of review that previously applied under ORS 138.050 to an appeal after a guilty plea to any sentence within the presumptive range.

unusual punishment in the light of the facts and circumstances surrounding his case, which show that he is sorry for what he did and that he has a supportive family. He did not make the objection to the trial court that he now argues on appeal.

■ The error is not apparent on the face of the record. ORAP 5.45(2). If a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an "error of law" that may be addressed without an objection to the sentencing court. *State v. Braughton,* 28 Or App 891, 893 n 2, 561 P2d 1040 (1977); *see also State v. Montgomery,* 106 Or App 150, 806 P2d 183 (1991). The sentence here is within the statutory authority, and defendant does not challenge that authority; he challenges only the imposition of the sentence in his individual case. He does not argue that the guidelines themselves present cruel and unusual punishment questions, and it is not apparent on the face of the record why, in an individual case, a presumptive sentence is excessive, cruel or unusual. There is no error that we may review.

■ In A65058, defendant pled guilty to sodomy and stipulated to the grid block under which he was sentenced. His contention on appeal is that the sentencing court should have applied a discretionary downward departure and imposed probation instead of incarceration. In A65186, defendant pled guilty to assault II and stipulated to the grid block.[3] He also argues that the sentencing court erred in failing to impose a departure sentence of probation. Although a sentencing court must provide reasons on the record for a departure sentence, the decision whether or not to depart is within the discretion of the trial court. OAR 253-02-001(3)(d). Imposing the presumptive sentence instead of a departure sentence is not a failure to follow a requirement of law that is subject to review under ORS 138.222(4)(a). *See State v. Orsi/Gauthier, supra,* 108 Or App at 180.

■ For similar reasons, we reject defendants' general argument that a sentence within the guidelines may be reviewed as "disproportionate." There is no statutory or rule

---

[3] We do not address whether review in A65058 and A65186 is also precluded under ORS 138.222(2)(d), which denies review of

"[a]ny sentence resulting from an agreement between the state and the defendant which [*sic*] the sentencing court approves on the record."

requirement that a sentencing court consider proportionality beyond that which is inherent in presumptive sentences:

> "[O]ne of the objectives of the guidelines system is the elimination of sentencing disparity * * *." Commentary to OAR 253-05-001, *Implementation Manual, supra* at 91.

The motions to dismiss in A65874, A65186 and A65058 are denied and the judgments affirmed.

■ We also deny the state's motion to dismiss in A65667. Defendant was found guilty of burglary, criminal trespass, menacing and pointing a firearm at another. In his brief, he challenges his sentence for burglary, arguing that, to the extent that OAR 253-05-006 permits a judge to make findings as to the crime of conviction independent of a jury's verdict, he has been deprived of his constitutional right to a jury trial. Defendant presented this position to the trial court, and it is reviewable under ORS 138.222(4)(a). His assignment of error is not a challenge to the presumptive sentence but to the ground for that sentence. That is within our scope of review.

Motions to dismiss denied; judgments affirmed in A65874, A65186, and A65058.