Argued and submitted May 28, affirmed July 14, 1993

STATE OF OREGON,
*Respondent,*

*v.*

GERMANIO VERJANZIA CAVOTA,
*Appellant.*

(91C-20792; CA A73633)

856 P2d 322

Irene B. Taylor, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Janet L. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals the sentence imposed for his conviction of murder. ORS 163.115. He argues that, under our holding in *State v. Morgan*, 116 Or App 338, 842 P2d 406 (1992), *aff'd on other grounds*, 316 Or 553, 856 P2d 612 (1993), the sentencing guidelines have superseded the provisions of ORS 163.115(3) and, therefore, the trial court was without authority under the guidelines to impose a sentence of life imprisonment with a minimum term of 18 years.

Pursuant to an agreement with the state, defendant entered a plea of guilty to murder, and the state dismissed a charge of conspiracy to commit aggravated murder. As in *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), defendant's plea was the result of a "statutory plea" under ORS 135.407. Under that statute, a plea agreement is presented to the court. Under ORS 135.432, the court may commit itself to abide by the sentence concessions contemplated by the agreement or to allow the defendant to withdraw the plea if the agreement is not followed. Here, the court advised defendant of two specific consequences of the agreement. It explained that, by agreement of the parties, the only latitude that the court retained in its sentencing decision was whether it would impose a 15-year or 18-year minimum term to accompany the mandatory life sentence, depending on defendant's cooperation with the police. The court also advised defendant that, if the court decided to impose a sentence outside of the 15- to 18-year range, defendant could withdraw his plea and face trial on both charges. The court found that defendant had not cooperated with the police and imposed an 18-year minimum sentence, consistent with the agreed range.

ORS 138.050 provides that, after a plea of guilty, an appeal may be taken only from a sentence on the ground that it exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. However, ORS 138.222(1) provides that *"[n]otwithstanding the provisions of ORS 138.040 and 138.050*, a sentence * * * may be reviewed only as provided by [ORS 138.222]."* (Emphasis supplied.)

Under ORS 138.222(2)(d), we may not review "a[ny] sentence resulting from an agreement * * *." Consequently, we may not review defendant's claim of error here. *State v.*

*Adams, supra*; *State v. Tanner*, 121 Or App 104, 854 P2d 941 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993); *State v. Johnston*, 120 Or App 165, 851 P2d 1156 (1993).

After the Supreme Court's decision in *State v. Morgan, supra*, the state submitted a memorandum conceding that the indeterminate term of life imprisonment under ORS 163.115 should not have been imposed. Under *State v. Adams*, we cannot accept the state's concession. *State v. Woods*, 121 Or App 661, 856 P2d 321 (1993).

Affirmed.