Argued and submitted October 28, 1992, convictions affirmed and remanded for resentencing March 16, reconsideration allowed by opinion May 4, 1994
See 127 Or App 622 (1994)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES SCOTT HOPKINS,
*Appellant.*

## (90-11-36303; CA A70109)

870 P2d 849

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General.

Before Richardson, Chief Judge, Deits, Judge, and Durham, Judge pro tempore.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals his convictions of attempted murder, ORS 161.405; ORS 163.115; three counts of attempted assault in the first degree, ORS 161.405; ORS 163.185; recklessly endangering another person, ORS 163.195; reckless driving, ORS 811.140; driving under the influence of intoxicants, ORS 813.010; and criminal mischief in the first degree, ORS 164.365. He argues that the trial court erred in failing to advise him on the record of his right to a jury trial, admitting evidence of other crimes for which he was not indicted, and imposing a 60-month term of post-prison supervision on count 1.[1] We affirm the convictions and remand for resentencing.

Defendant was a passenger in a truck driven by a friend, Pakootas. A police officer began following the truck after it made a quick turn without signalling. The truck entered a vacant lot, and Pakootas jumped out and started running. Defendant then tried to get away by driving the truck out of the lot. In the process, he endangered several of the pursuing officers and nearly killed one of them. Defendant finally stopped when officers fired shots at the truck.

■   Defendant argues, for the first time on appeal, that the trial court erred by not advising him on the record of his right to a jury trial. Defendant signed a waiver of jury trial, as did his attorney and the judge. His error is unpreserved and we do not address it.

■■   Defendant next argues that the trial court erred by admitting evidence of other crimes for which he was not indicted. He contends that testimony regarding his possession of credit cards owned by others and his cashing of a forged check on the day of the indicted crimes was irrelevant and prejudicial.

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

---

[1] Defendant states that the 60-month term was imposed for counts 4 and 7. However, counts 4 and 7 were merged into count 1 for sentencing.

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

A three-part test determines the admissibility of evidence under OEC 404(3):

"(1) The evidence must be independently relevant for a noncharacter purpose; (2) the proponent of the evidence must offer sufficient proof that the uncharged misconduct was committed and that defendant committed it; and (3) the probative value of the uncharged misconduct evidence must not be substantially outweighed by the dangers or considerations set forth in OEC 403. Each of these requirements must be satisfied before uncharged misconduct evidence is admissible under OEC 404(3)." *State v. Johnson*, 313 Or 189, 195, 832 P2d 443 (1992). (Footnotes omitted.)

The state offered the contested evidence to establish that defendant's motive for his dangerous and erratic driving and attempt to run the officers down was to escape apprehension by police. Evidence of prior misconduct is admissible under OEC 404(3) to show that. *State v. Hampton*, 317 Or 251, 855 P2d 621 (1993). The evidence was relevant.

The second part of the test is not disputed on appeal. As to the third part of the test, defendant argues that, even if relevant, the prejudicial effect of the evidence outweighed its probative value. We disagree. The state introduced the contested evidence to contradict defendant's assertion that, because he was high on drugs, his actions were not conscious and intentional. The challenged evidence was probative to rebut that assertion and to establish that defendant's motive was to escape apprehension by police. The potential prejudice resulting from the contested evidence was not great. Defendant testified about purchasing and using illegal drugs that day, and the most damaging evidence came from defendant himself when he testified, without objection, to cashing the forged check. The trial court did not err in admitting the evidence.

In his final assignment defendant argues, for the first time on appeal, that the trial court erred in imposing a 60-month term of post-prison supervision on one count of attempted murder. The state concedes that a 36-month term should have been imposed under OAR 253-05-002. Although defendant did not preserve the error below, we address it

under ORAP 5.45(2). It is an error apparent on the face of the record, and defendant was substantially prejudiced by a post-prison supervision term two years longer than that allowed by law. *See State v. Gouveia*, 116 Or App 86, 88, 840 P2d 753 (1992). We accept the state's concession.

Convictions affirmed; remanded for resentencing.