Submitted on record and briefs April 28, conviction affirmed; remanded for entry of corrected judgment August 10, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID ANDREW JONES,
*Appellant.*

## (90C-20365; CA A79797)

879 P2d 881

Sally L. Avera, Public Defender, and Louis R. Miles, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

Riggs, J., concurring.

Haselton, J., concurring.

**DEITS, P. J.**

Defendant challenges the trial court's imposition of 60 months of post-prison supervision on his conviction of rape in the first degree. ORS 163.375. We remand for entry of a corrected judgment.

■    At sentencing, the court determined that defendant's conviction for first degree rape fell into gridblock 10-A, and it imposed an upward departure sentence of 240 months.[1] The prosecutor then asked, "This would be 60 months post-prison supervision?" and the court responded, "Yes, it will." Defendant did not object, and the final judgment reflected the court's ruling. Defendant argues, and the state concedes, that the trial court should have imposed a 36-month term of post-prison supervision, pursuant to OAR 253-05-002(2)(c).[2] Although defendant did not preserve the error below, he requests that we exercise our discretion to review the error.

■    Under ORAP 5.45(2), we may not review an unpreserved error unless it is an "error[] of law apparent on the face of the record." If we elect to exercise our discretion to consider such an error, we must articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

■■    We conclude that the error is apparent on the face of the record. An illegal sentence, such as the one imposed here, is an error of law. *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992). The error is on the face of the record because "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *See State v. Brown*,

---

[1] Defendant does not challenge that sentence.

[2] At the time of defendant's sentencing, OAR 253-05-002 provided, in part:

"(1) A term of community supervision shall be imposed as part of the sentence for any offender who is sentenced to prison as provided by these rules or as a departure. This term of community supervision shall be described as post-prison supervision.

"(2) The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"(a) One year for Crime Categories 1-3;

"(b) Two years for Crime Categories 4-6;

"(c) Three years for Crime Categories 7-11."

310 Or 347, 355, 800 P2d 259 (1990). Finally, the error is apparent. An "apparent" error is one in which the legal point is obvious and not reasonably in dispute. *See State v. Farmer*, 317 Or 220, 224 n 4, 856 P2d 623 (1993). Particularly in view of the state's concession of error on this legal point, we believe the error here is not reasonably in dispute.

■    The court's order of 60 months of post-prison supervision is an error of law apparent on the face of the record that we may, in our discretion, choose to consider. To guide our decision, we consider a number of factors, some of which are set forth in *Ailes v. Portland Meadows, Inc., supra*, 312 Or at 382 n 6:

> "[I]n deciding whether to exercise its discretion to consider an error of law apparent of the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error. Those factors do not comprise a necessary or complete checklist; they merely are some of the permissible considerations." (Citations omitted.)

■    We are not bound by the state's concession of error in our disposition of the case, nor can the concession confer upon us the authority to reach an otherwise unreviewable claim of error, *see State v. Cavota*, 121 Or App 598, 856 P2d 322 (1993) (state's concession of error immaterial where Court of Appeals lacked authority to review a sentence resulting from plea negotiations); *State v. Woods*, 121 Or App 661, 856 P2d 321 (1993) (same). Nevertheless, it is appropriate for us to consider the *Ailes* factors in view of that concession. First, there are no "competing interests of the parties" when one of the parties concedes an error. The state's concession also satisfies the policies behind the general rule of preservation and raising of error in that the adversary is not denied the opportunity to present its position to the court. Finally, the state's concession of error impacts our consideration of the ends of justice in the particular case. When the official representative of the state indicates that the state has no

desire to enforce an illegal sentence, the ends of justice will not be satisfied by a refusal to correct what everyone involved acknowledges to be error. Considering the above, as well as the facts that, here, the error significantly implicates defendant's liberty interest and correction of the conceded error may be accomplished with a minimum of judicial time and resources, we are persuaded to exercise our discretion to review the unpreserved error.[3] We remand for entry of a corrected judgment deleting the 60-month term of post-prison supervision and imposing a 36-month term.

Conviction affirmed; remanded for entry of corrected judgment.

**RIGGS, J.,** concurring.

Although I agree with the result and with much of what the majority and the other concurring opinion say, I write separately, because I believe that a substantial portion of their analysis is incorrect. In criminal cases, where the state concedes error, our review is not discretionary; our only inquiry should be whether the state's concession is correct and furthers the ends of justice. If it does, we should accept it and adopt a result that is consistent with that concession.

I do not believe that the analysis developed in cases such as *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), and *State v. Brown*, 310 Or 347, 800 P2d 259 (1990), was ever intended to apply to cases in which the state concedes error. In *State v. Brown, supra,* the Supreme Court stated that

> "the reasons for the rule [requiring preservation of error] in the trial court are to allow the adversary to present its position and to permit the court to understand and correct any error." 310 Or at 356.

---

[3] In *State v. Hopkins*, 127 Or App 1, 870 P2d 849 (1994), we initially accepted the state's concession that the trial court erroneously imposed 60 months of post-prison supervision instead of 36 months. On reconsideration, we concluded that, "under the rationale of *State v. Slawson*, [123 Or App 573, 860 P2d 876 (1993)]," we should not have addressed the unpreserved error. *State v. Hopkins*, 127 Or App 622, 624, 874 P2d 827, *rev den* 319 Or 281 (1994). However, in *Slawson*, we declined to review the same unpreserved error because the defendant had failed to avail himself of the statutory remedy for clerical errors, ORS 138.083, or to explain why he could not do so. 123 Or App at 576. Those cases are not controlling here because this error does not appear to be a clerical one.

*Ailes v. Portland Meadows, Inc., supra,* noted that an appellate court's decision to recognize unpreserved error

> "undercuts the established manner in which an appellate court ordinarily considers an issue, *i.e.,* through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court." 312 Or at 382.

*Ailes* also notes that, by expressly following the prescribed method of recognizing unpreserved error, courts achieve "much greater efficiency in the review process." Those reasons requiring preservation of error all fall when faced with the state's concession of error in a criminal case. The justification that an adversary must have an opportunity to present its "position" and "competing arguments" has no force or value when the adversary does not have a competing argument, but instead acknowledges that the ends of justice require recognition that the trial court erred. This is particularly true when the adversary is the state, for, as the other concurrence recognizes, the sovereign has an obligation to see that justice is done. 129 Or App at 421 n 2.

The concerns involving the adversarial process are only a part of the rationale requiring preservation of error; the notions of judicial economy and "efficiency in the review process" are also valid objectives. In many situations, those institutional concerns are sufficient to require that errors be preserved for review to occur, even if the adversary concedes the error. However, in the criminal law context, because of the penal interests and penalties at stake, we have always held justice to a higher standard. That standard includes all the constitutional protections afforded a criminal defendant, as well as the requirement of proof of guilt beyond a reasonable doubt. An institutional concern for "judicial efficiency" simply should not be held to outweigh the interests of persons charged with a crime facing the loss of liberty and other possible criminal sanctions. Accordingly, the rule requiring preservation of error is irrelevant when we are faced with an acknowledged miscarriage of justice.

This analysis is not inconsistent with our earlier decisions in *State v. Cavota,* 121 Or App 598, 856 P2d 322 (1993), and *State v. Woods,* 121 Or App 661, 856 P2d 321 (1993). In *Cavota* and *Woods,* we were unable to reach the

state's concession of error, because ORS 138.222(2)(d) (*since amended by* Or Laws 1993, ch 698, § 1) barred us from reviewing "a[ny] sentence resulting from an agreement * * *." *See State v. Adams*, 315 Or 359, 847 P2d 397 (1993).[1] Here, defendant's sentence was not the result of an agreement and, accordingly, we are not barred from reaching the state's concession, as we were in *Cavota* and *Woods*.[2]

Applying my analysis to this case, defendant assigns error to the imposition of 60 months of post-prison supervision. The state concedes that defendant is correct. Therefore, our only inquiry is whether that concession is correct. Under OAR 253-05-002(2)(c), the court had authority to impose only 36 months of post-prison supervision. The state's concession is correct, and we are required to reverse and remand for entry of corrected judgment.

I concur.

**HASELTON, J.,** concurring.

I agree with the result, and virtually all of the analysis of the majority opinion, but write separately to address this court's treatment of parties' concessions of error.

The majority states: "[W]e are not bound by the state's concession of error in our disposition of the case." 129 Or App at 416. That proposition has been repeated, without amplification, in our cases for the last decade, and more. *See, e.g., Fine v. Zenon*, 114 Or App 183, 185, 834 P2d 509 (1992) ("[a]lthough we are not bound by that concession, we accept it"); *State v. Louden*, 101 Or App 367, 369, 790 P2d 1182 (1990) ("[w]e reject the state's concession"). In particular, we have routinely intoned the "we are not bound" mantra without reference to our original discussion of the effect of concessions in *State v. Cloutier*, 33 Or App 121, 575 P2d 996

---

[1] *But see* Justice Van Hoomissen's concurring opinion in *State v. Adams, supra*, where he notes that the majority had not addressed certain issues, including the limits of a criminal defendant's ability to stipulate:

"Of course, the parties may not stipulate to certain things, such as to the jurisdiction of the court * * * or that *a defendant could be sentenced to a term of imprisonment beyond the statutory maximum prescribed by law*." 315 Or at 369. (Emphasis supplied.)

[2] As the majority recognizes, *State v. Slawson*, 123 Or App 573, 860 P2d 876 (1993), also does not control our decision. 129 Or App at 417 n 3.

(1978), *rev'd on other grounds* 286 Or 579, 596 P2d 278 (1979).

In *State v. Cloutier, supra,* we noted:

"It has generally been the practice and policy of this court to accept and not to look behind any litigant's confession that a lower tribunal committed reversible error." 33 Or App at 124.

In *Cloutier* we "deviated" from that general practice and policy and declined to give effect to the state's concession of error because of the "unusual" circumstance of an intervening change of law *after* the state had confessed error. 33 Or App at 124.

A year after *Cloutier,* we articulated the "we are not bound" proposition for the first time in *State v. Shipley,* 39 Or App 283, 592 P2d 237 (1979):

"[D]efendant argues that the sentence is invalid because the court failed to state the reasons for imposing the sentence as required by ORS 137.120. The state confesses error * * *. *The confession is not binding upon us * * *.*" 39 Or App at 285. (Emphasis supplied.)

As support for the emphasized proposition, the court, without further explanation, cited our opinion in *State v. Cloutier, supra,* and the author's concurring opinion in *State v. Galloway,* 31 Or App 393, 570 P2d 113 (1977) (Tanzer, J., concurring).[1]

Thus, *Shipley* transmutes *Cloutier's* holding that concessions are generally honored into authority for the proposition that we are not bound by the parties' concessions. The two statements are not necessarily inconsistent. But regular incantation of only the second devalues the first.

---

[1] The concurring opinion in *State v. Galloway, supra,* which asserts that reversal "does not follow automatically from a confession of error," cites with approval this language from *Sibron v. New York,* 392 US 40, 58, 88 S Ct 1889, 20 L Ed 2d 917 (1968):

"[C]onfessions of error are, of course, entitled to and given great weight, but they do not 'relieve this court of the performance of the judicial function.' *Young v. United States,* 315 US 257, 258, 86 L Ed 832, 834, 62 S Ct 510 (1942)." 31 Or App at 393.

*State v. Cloutier, supra*, strikes a judicious balance between our responsibilities and the adversarial process.[2] *Cloutier's* principle that we should accept the parties' concessions of errors absent "unusual" circumstances should guide our future assessment of such concessions.

---

[2] The state's concessions of error in criminal cases have special force because the sovereign is, or at least should be, more than a mere adversarial litigant in such proceedings. *Cf. Berger v. United States*, 295 US 78, 88, 55 S Ct 629, 79 L Ed 1314 (1935):

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereign whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer."