Argued and submitted December 21, 1995, remanded in part with instructions; otherwise affirmed January 17, petition for review denied March 19, 1996
(323 Or 74)

STATE OF OREGON,
*Respondent,*

*v.*

SAMUEL KEITH MACON,
*Appellant.*

(C940289CR; CA A86567)

909 P2d 901

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for robbery in the second degree. ORS 164.405. He was sentenced to a 20-month term of imprisonment under the firearm statute, ORS 161.610, with 36 months of post-prison supervision, OAR 253-05-002, and ordered to pay $1,427.11 in restitution, ORS 137.106(1). We write only to address his argument that the trial court erred by imposing a 36-month term of post-prison supervision. We remand for entry of a corrected judgment.

Defendant argues, and the state concedes, that the trial court should have imposed a 24-month, rather than a 36-month, term of post-prison supervision for robbery II, a category six crime, under OAR 253-05-002(2)(b). Although defendant did not object when the trial court imposed the 36-month term, he requests that we exercise our discretion to review the unpreserved claim of error. *See* ORAP 5.45(2).

The circumstances in this case are identical to those in *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994). The error is apparent on the face of the record and, for the reasons discussed in *Jones*, we exercise our discretion to review it.

Remanded for entry of a corrected judgment imposing a 24-month period of post-prison supervision; otherwise affirmed.