Submitted on record and brief April 2, reversed and remanded for further proceedings June 2, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## CHRISTOPHER LAMB,
*Respondent.*

## (97-5321-MI; CA A101901)

983 P2d 1058

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for appellant.

Laurance W. Parker filed respondent's concession.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

■     Defendant was charged with two counts of sexual abuse in the third degree. ORS 163.425. The state appeals from a pretrial order that excluded the 17-year-old victim's out-of court statements about the alleged abuse, even though she was scheduled to testify in the proceeding and would have been available for cross-examination. The court ruled that the victim's statements were inadmissible under OEC 803(18a)(b) because the child victim was over the age of 12. We conclude that, under OEC 803(18a)(b), the hearsay statements of a child victim under 18 years of age are admissible so long as the child victim testifies at the proceeding and is available for cross-examination. Accordingly, we reverse and remand.

■     Before trial, the state gave notice that it intended to offer, under OEC 803(18a)(b), out-of-court statements made by the child victim, including statements that victim made when she reported the alleged incident of abuse to school counselors, a friend, and another adult woman. OEC 803(18a)(b) provides, in part:

> "A statement made by a child victim or person with developmental disabilities as described in paragraph (d) of this subsection, which statement concerns an act of abuse, as defined in ORS 419B.005, or sexual conduct performed with or on the child or person with developmental disabilities by another, is not excluded by [OEC 802] if the child or person with developmental disabilities either testifies at the proceeding and is subject to cross-examination or is chronologically or mentally under 12 years of age and is unavailable as a witness."

Defendant moved *in limine* to exclude the 17-year-old victim's out-of-court statements, arguing that OEC 803(18a)(b) allows only the out-of-court statements of a child victim under the age of 12, regardless of the victim's availability for testimony and cross-examination. The court excluded the statements:

> "The Court finds that ORS 40.460(18a)(b) [OEC 803(18a)(b)] defines child victim as a child that is chronologically or mentally under 12 years of age. Therefore, in the present case, since the victim is 17 years old the hearsay

is not admissible even if the child testifies at the trial and is subject to cross-examination."

The state appeals the exclusion order, and we review for errors of law. *State v. Meier*, 145 Or App 179, 184, 929 P2d 1052 (1996).

On appeal, the state again argues that, under OEC 803(18a)(b), the out-of-court statements of a child victim who testifies are admissible if that child, regardless of age, is subject to cross-examination. Defendant responds with the following concession: "After careful review and research Defendant/Respondent believes that the State is correct in its interpretation of the statute in question and therefore concedes."

A respondent's concession of error is generally entitled to great weight, *State v. Cloutier*, 33 Or App 121, 124, 575 P2d 996 (1978), *rev'd on other grounds* 286 Or 579, 596 P2d 1278 (1979), although we are not bound by it. *State v. Shipley*, 39 Or App 283, 285, 592 P2d 237 (1979); *see also State v. Jones*, 129 Or App 413, 419-21, 879 P2d 881 (1994) (Haselton, J., concurring) (canvassing authority). In this case, defendant's concession of error does not absolve us of our duty to determine the proper construction of OEC 803(18a)(b). *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."); *see generally Sibron v. New York*, 392 US 40, 58, 88 S Ct 1889, 20 L Ed 2d 917 (1968) ("[C]onfessions of error are, of course, given great weight, but they do not 'relieve this court of the performance of the judicial function.' " (quoting *Young v. United States*, 315 US 257, 258, 62 S Ct 510, 86 L Ed 832 (1942))).

Whether OEC 803(18a)(b) requires the exclusion of the out-of-court statements of a 17-year-old child victim is a matter of statutory construction. Our task in interpreting a statute is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

We begin with the text of OEC 803(18a)(b), which provides, in pertinent part, that "[a] statement made by a

child victim * * *, which statement concerns an act of abuse, as defined in ORS 419B.005 * * *, is not excluded by [OEC 802] if the child * * * *either* testifies at the proceeding and is subject to cross-examination *or* is chronologically or mentally under 12 years of age and is unavailable as a witness." (Emphasis added.) We agree with the state that the "either/ or" syntax of the sentence indicates that the legislature intended to admit two classes of out-of-court statements by child victims: (1) statements made by any child who testifies and is subject to cross-examination; (2) statements made by any child under the chronological or mental age of 12 who is unavailable as a witness. The legislature's use of disjunctive "either/or" sentence structure to distinguish the two classes suggests that children under the age of 12 are a narrower subset of the larger class of "child victims." Thus, the plain language of OEC 803(18a)(b) suggests that the out-of-court statements of a "child" over the age of 12 are admissible so long as the child testifies and is available for cross-examination.

The context of OEC 803(18a)(b), including related statutory provisions, confirms that interpretation and further clarifies that a 17-year-old victim is still a "child" victim within the meaning of the statute. OEC 803(18a)(b) permits the introduction of out-of-court statements only if the statements concern "an act of abuse, as defined in ORS 419B.005(1), or sexual conduct performed with or on the child * * *." The definitions of "abuse" provided in ORS 419B.005(1) refer, *inter alia*, to acts done to a "child." *See* ORS 419B.005(1)(a)(A) ("[a]ny assault * * * of a child and any physical injury to a child"); ORS 419B.005(1)(a)(B) ("[a]ny mental injury to a child * * * caused by cruelty to the child"). "Child" is defined by ORS 419B.005(2) as "an unmarried person who is under 18 years of age." We agree with the state that the legislature's incorporation ORS 419B.005's definition of "abuse" suggests that it intended for the term "child" to mean the same thing in OEC 803(18a)(b) that it does in ORS 419B.005: an unmarried person who is under 18 years of age.

A second aspect of the context of OEC 803(18a)(b) — a comparison of the text of the previous version of the statute

to that of the present version—further confirms that the legislature intended the out-of-court statements of a child victim who was testifying and subject to cross-examination to be admissible, regardless of the child's age. *See Krieger v. Just*, 319 Or 328, 337, 876 P2d 754 (1994) (context includes the text of a statute before it was amended). The first version of OEC 803(18a)(b) was enacted in 1989 and provided, in relevant part:

> "A statement made by a child victim who is under 10 years of age, which statement describes an act of sexual conduct performed with or on the child by another, is not excluded by [OEC 802] if the statement is offered as evidence in a criminal trial or juvenile proceeding and if the child either testifies at the proceeding and is subject to cross-examination or is unavailable as a witness * * *." Or Laws 1989, ch 881, § 1.

In 1991, the legislature enacted the following amendment:

> "A statement made by a child victim, which statement concerns * * * an act of sexual conduct performed with or on the child * * * is not excluded by [OEC 802] if the child either testifies at the proceeding and is subject to cross-examination or is under 12 years of age and is unavailable as a witness. However, when a child under 12 years of age is unavailable as a witness, the statement may be admitted in evidence only if the proponent establishes that the time, content, and circumstances of the statement provide indicia of reliability * * *." Or Laws 1991, ch 391, § 1.

Thus, prior to 1991, a "child victim" was defined within OEC 803(18a)(b) as a child "who is under 10 years of age," and the out-of-court statements of a victim of 10 years of age or older were inadmissible—even if the child testified in the proceeding and was available for cross-examination. By removing the age qualification in its 1991 amendment of the statute, the legislature expanded the class of admissible out-of-court statements to include not only statements of unavailable children below a specified age but also statements of a child of any age, if available for cross-examination.

In light of the text and context of OEC 803(18a)(b), we conclude that the hearsay statements of a child victim under the age of 18 are admissible so long as the child victim

testifies at the proceeding and is available for cross-examination.[1] The trial court erred in excluding the 17-year-old victim's out-of-court statements about the alleged abuse when that victim was scheduled to testify in the proceeding and would have been available for cross-examination.

Reversed and remanded for further proceedings.

---

[1] Because we conclude that the proper application of OEC 803(18a)(b) is clear from its text and context, we need not resort to legislative history to discern the legislature's intent. *PGE*, 317 Or at 611. We note, however, that legislative history confirms our interpretation of the statute. For example, in a hearing before the Family Justice Subcommittee of the House Judiciary, Chris Gardner of the Oregon District Attorney's Association discussed the proposed 1991 amendment:

"The second [amendment] would allow the hearsay statements of the child concerning the abuse if she or he are available and actually testifies *regardless of their age.*

"* * * * *

"In essence what it would do would be to allow their out of court statements to be admissible if the child is available and testifies regardless of the child's age and regardless of whether there's indicia of reliability of those statements."

Tape recording, Family Justice Subcommittee of the House Judiciary, HB 2395, February 22, 1991, Tape 40, Side B (statements of Chris Gardner).

The Staff Measure Summary for the Senate Judiciary Committee for House Bill 2395 explained that the amendments to OEC 803(18a)(b) would have the following effect:

"A statement made by an alleged *child victim (under 18 years of age)* concerning an act of sexual conduct would not be inadmissible under the hearsay rule if the child testified as a witness." Staff Measure Summary, Senate Judiciary Committee, HB 2395B, June 10, 1991 (emphasis added).