Argued and submitted February 11; reversed in A168630, affirmed in A168631
March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER THOMAS FULLER,
*Defendant-Appellant.*

Yamhill County Circuit Court
18CR25617, 18CR41611;
A168630 (Control), A168631

463 P3d 605

Defendant's half-sister gave him permission to live in her car but not to drive it. Defendant drove it. For that conduct, defendant was charged and convicted of unauthorized use of a vehicle (UUV), ORS 164.135(1)(a). On appeal, he assigns error to the trial court's denial of his motion for judgment of acquittal, contending that there is insufficient evidence to convict him of UUV because he came into possession of the car with his sister's permission. *Held*: Under *State v. Civil*, 283 Or App 395, 415-18, 388 P3d 1185 (2017), when "a person who is in possession of a vehicle pursuant to an agreement with the owner deviates from the agreed use," that deviation cannot support a conviction for UUV under ORS 164.135(1)(a). The trial court therefore erred.

Reversed in A168630; affirmed in A168631.

Ladd J. Wiles, Judge.

Anna Belais, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

LAGESEN, P. J.

Reversed in A168630; affirmed in A168631.

**LAGESEN, P. J.**

In this consolidated appeal,[1] defendant challenges his judgment of conviction for the unauthorized use of a vehicle (UUV) in violation of ORS 164.135(1)(a). He assigns error to the trial court's denial of his motion for judgment of acquittal, contending that, under *State v. Civil*, 283 Or App 395, 388 P3d 1185 (2017), there is insufficient evidence to convict him under that provision because it is undisputed that he came into possession of the car because his sister, the car's owner, gave him permission to live in it. We agree and reverse that conviction.

We review the denial of a motion for a judgment of acquittal "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element[s] of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

We state the facts, which are not complex, in light of our standard of review. Defendant was down on his luck and had nowhere to live. His younger half-sister had recently purchased a 1998 Honda Civic and gave defendant permission to live in it. At the time, she was not yet using the car because she did not yet have her license. She did not initially tell him that he could not drive it, but, when he asked, she told him no; she "just allowed him to put his stuff in there and sleep in there." Defendant drove the car anyway.

For that conduct, the state charged defendant with UUV in violation of ORS 164.135(1)(a). At the time of defendant's crime, that provision stated that "[a] person commits the crime of unauthorized use of a vehicle when *** [t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner." ORS 164.135 (2017).[2] As we explained

---

[1] Defendant separately appeals a judgment of conviction for first-degree failure to appear, ORS 162.205, but raises no challenges with respect to that conviction, so we affirm it.

[2] The legislature subsequently amended ORS 164.135. Those amendments took effect January 1, 2020. Or Laws 2019, ch 530, § 1. The amended statute is not at issue on appeal. All references to ORS 164.135 in this opinion are to ORS 164.135 (2017).

in *Civil*, that provision "does not apply to circumstances in which a person who is in possession of a vehicle pursuant to an agreement with the owner deviates from the agreed use." 283 Or App at 415. Rather, other sections of the statute, ORS 164.135(1)(b) and (c), apply where the person possesses the vehicle pursuant to an agreement but then uses the vehicle in a manner that deviates from the agreement. *Id.* at 413.

At trial, following the state's case, defendant moved for a judgment of acquittal "on the issue of to take, operate, ride in or control." Pointing out that defendant's half-sister "gave him the authority to live in it, to be in it, to control it," defendant argued that there was insufficient evidence to support his conviction, noting that "there's no sufficient evidence to indicate that he did anything other than what the scope of what you (inaudible) permission to do." The trial court denied the motion, ruling that "the evidence is \*\*\* sufficient to go to the jury on unauthorized taking, operating or riding in." The court observed that "[e]xercising control of the interior while it was in a particular location is different from the rest of the evidence here." The jury found defendant guilty as charged.

On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal in view of our conclusion in *Civil* that ORS 164.135(1)(a) does not apply to a defendant who possesses a vehicle pursuant to an agreement with the owner but then uses the vehicle in a way that deviates from the agreement. The state responds that we should not read *Civil* so broadly as to apply to circumstances in which a vehicle's owner grants the defendant permission to possess and use a vehicle for purposes other than driving.

As an initial matter, although neither party raises the point, we consider whether defendant preserved the issue he is raising on appeal. On the one hand, defendant's arguments to the trial court in support of his motion were brief, unclear, and did not cite the court to *Civil*, although it had been decided by the time of defendant's trial. On the other hand, defendant's arguments put at issue (in a shorthand way) whether there was sufficient evidence that he engaged in the type of unauthorized taking, operating, riding in, or

other use of the vehicle covered by ORS 164.135, given that he had been given permission by his half-sister to possess and use the vehicle as a home. In addition, the trial court squarely ruled on that issue, stating expressly that "the evidence is *** sufficient to go to the jury on unauthorized taking, operating or riding in." Further, nothing about the way the issue was raised or ruled on put the opposing party—the state—at an unfair disadvantage. Indeed, as noted, the state does not dispute on appeal that the issue was raised below.

Those latter circumstances persuade us that the issue before us—the sufficiency of the evidence to support a finding that defendant engaged in an unauthorized use of his half-sister's vehicle within the meaning of ORS 164.135—is one that defendant adequately preserved for our review, notwithstanding variations of the fact that arguments on appeal differed from arguments made to the trial court. *See State v. Hollingsworth*, 290 Or App 121, 126-27, 415 P3d 83 (2018) (issue was preserved for appellate review where it was raised and ruled on in trial court and circumstances gave trial court and opposing party fair opportunity to respond to the issue).

As for the merits, in view of *Civil*, the trial court should have granted defendant's motion for judgment of acquittal. *Civil* holds that ORS 164.135(1)(a), the only provision under which the state charged defendant with UUV, does not apply where, as here, the defendant comes into possession of the vehicle through an agreement with the owner. 283 Or App at 415-18. Said another way, *Civil* stands for the proposition that, to prove an unauthorized taking, operating, riding in, or other use in violation of ORS 164.135(1)(a), the state must present sufficient evidence to support a finding that the defendant did not come into possession of the vehicle in question through an agreement with the owner. Here, the state did not do that. On the contrary, the state's case affirmatively established that defendant came into possession of the vehicle through an agreement with his sister. Under *Civil*, then, defendant was entitled to entry of judgment of acquittal on the charge of UUV.

Reversed in A168630; affirmed in A168631.