Submitted May 26, 2020; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed October 20; petition for review denied December 23, 2021 (369 Or 110)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## AARON MICHAEL BROWN,
aka Aaron Brown, aka Aaron M. Brown,
aka Aaron Brown-Andreson,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR48312; A168908

498 P3d 826

Timothy Barnack, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Beth Andrews, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

In this criminal appeal, defendant seeks reversal of his convictions for three counts of robbery in the second degree, ORS 164.405. The jury returned a nonunanimous verdict on Count 1 and unanimous verdicts on the remaining counts. Defendant appeals, raising five assignments of error. We briefly address defendant's first, third, fourth, and fifth assignments of error below. We reject defendant's second assignment of error without discussion.

A detailed discussion of the facts would be of little benefit to the bench, bar, or public. The charges arose out of a single incident in which defendant was alleged to have displayed a firearm while taking merchandise from a retail store. In his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on Count 2. In particular, defendant contends that the state's evidence was insufficient to permit the jury to find, beyond a reasonable doubt, that, in the course of committing the theft, he "threaten[ed] the immediate use of physical force" upon the assistant manager of the store, as required for second-degree robbery. *See* ORS 164.395(1) (defining third-degree robbery); ORS 164.405 (defining second-degree robbery).

Having reviewed the briefing, the relevant portions of the record, and the applicable law, we reject defendant's argument as to his conviction on Count 2. Viewed in the light most favorable to the state, the evidence is sufficient under *State v. Hall*, 327 Or 568, 966 P2d 208 (1998), for the jury to find that defendant implicitly threatened the immediate use of physical force upon the assistant manager. During defendant's encounter with the assistant manager there were arguably two instances of conduct from which the jury could have drawn the requisite inference that defendant intended to threaten that person with an immediate use of force. We address only the second instance. There, in the presence of the assistant manager, defendant gathered the goods that he was stealing, removed a firearm from his pocket, and held it under the goods as he exited the store. Under those circumstances, the jury could reasonably have inferred that defendant's display of the weapon while in close proximity

to the assistant manager constituted an implicit threat. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

In his third, fourth, and fifth assignments of error, defendant contends that the trial court erred in instructing the jury that it need not reach unanimous verdicts, publishing improper verdict forms, and accepting a nonunanimous verdict on Count 1. The state concedes that the trial court's acceptance of a nonunanimous verdict on Count 1 constitutes plain error and that the conviction must be reversed in light of *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept the concession, and we exercise our discretion to correct the error for the reasons set forth in *State v. Ulery*, 366 Or 500, 504-05, 464 P3d 1123 (2020).

With respect to the convictions based on unanimous verdicts, we reject defendant's structural-error and non-harmless error arguments for the reasons stated in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), *cert den*, \_\_\_ US \_\_\_, 141 S Ct 2837 (2021).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.