Argued and submitted November 21; reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for second-degree robbery, remanded for resentencing, otherwise affirmed December 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERMEL ARCILICIA TAYLOR,
*Defendant-Appellant.*

Washington County Circuit Court
21CR10213; A176138

523 P3d 696

During a test drive of a vehicle, defendant told the salesperson who had accompanied him that he had a gun and was taking the vehicle, and then drove away after the salesperson got out of the vehicle. Defendant was convicted of unauthorized use of a vehicle (UUV), ORS 164.135(1)(a) (2017), and second-degree robbery, ORS 164.135, as a result. On appeal, in an unpreserved claim of error, defendant relies on *State v. Civil*, 283 Or App 395, 388 P3d 1185 (2017), and *State v. Fuller*, 303 Or App 47, 463 P3d 605 (2020), to argue that he could not be convicted of UUV under ORS 164.135(1)(a) (2017) because he obtained custody of the vehicle by agreement with the owner. Defendant argues that he was therefore entitled to a judgment of acquittal on the UUV charge and, by extension, the robbery charge for which UUV was the predicate offense. Alternatively, he argues that the court plainly erred by failing to merge the two guilty verdicts into a single conviction for second-degree robbery. *Held*: It is not obvious that defendant was entitled to a judgment of acquittal on the UUV charge under *Civil* and *Fuller*, so any error in that regard was not plain. The court did err, however, in failing to merge the verdicts.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.

Erik M. Buchér, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

This case arises from a vehicle test drive gone wrong. A car dealership allowed defendant to test drive one of its vehicles, with a salesperson present in the vehicle. During the test drive, defendant forced the salesperson out of the vehicle by telling him that he had a gun, and then drove away. Defendant was convicted of second-degree robbery and unlawful use of a vehicle (UUV). On appeal, he contends that, as to each count, the trial court erred by not granting a motion for judgment of acquittal (MJOA). In the alternative, he argues that the court plainly erred by failing to merge the two guilty verdicts into a single conviction for second-degree robbery. As explained below, we conclude that the court erred only with respect to merger. Accordingly, we reverse and remand for merger and resentencing, and we otherwise affirm.

FACTS

We state the facts in the light most favorable to the state, based on the standard of review for the denial of a motion for judgment of acquittal. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994).

In February 2021, defendant tried unsuccessfully to purchase a vehicle from a car dealership. He was upset about not being able to purchase the vehicle. The next day, he went to a different dealership, where he asked to test drive a Cadillac. One of the dealership's salespersons, D, took defendant and his companion on a test drive. Defendant drove, while defendant's companion sat in the front passenger seat, and D sat in the back seat behind defendant. During the test drive, D directed defendant to a gas station, as the car was low on fuel, and D paid for some fuel. D then directed defendant to turn right out of the gas station, which defendant did. When D directed defendant to make another right turn, defendant continued straight. Defendant then stopped the car. He told D that he really liked the car, that he was "taking it," and that he was going to Miami. He then told D that he had a gun. D exited the vehicle, refusing to give up his cell phone to defendant and his companion. Defendant drove off. D called 9-1-1, and the

police soon stopped the vehicle and arrested defendant, who had dropped off his companion and was alone in the vehicle.

Defendant was indicted on two counts of second-degree robbery, ORS 164.405 (Counts 1 and 2), and one count of UUV, ORS 164.135 (Count 3). He waived his right to a jury trial, and the case was tried to the court. Defendant chose to proceed without counsel and therefore appeared *pro se* at trial.

At the close of the state's evidence, the trial court explained to defendant that the state was resting and that it was his turn to present evidence, if he wanted, after which the state would present rebuttal. The court then stated, *sua sponte*, that it was making a "general" motion for judgment of acquittal "on [defendant's] behalf." The court indicated that it was doing so to protect defendant's rights, because he did not have an attorney, and that there was a "100 percent chance" that a lawyer would make an MJOA, because they "normally" do. The court described the MJOA that it was making on defendant's behalf as a "general" MJOA, "as to all counts," that "[t]he state hasn't met [its] burden to prove every single element beyond a reasonable doubt." The court gave the state an opportunity to respond to that motion, if it wanted, and the state briefly explained why it believed the evidence was sufficient to survive an MJOA. The court then denied the MJOA.

Defendant proceeded to put on his case. After hearing all the evidence, the court found defendant guilty on Counts 1 and 3, and it acquitted him on Count 2. Defendant appeals the resulting judgment.

## MOTION FOR JUDGMENTS OF ACQUITTAL

In his first two assignments of error, defendant argues that the trial court erred by denying the MJOA that it made on his behalf. The two MJOA issues are related, so we discuss them together. We review the denial of an MJOA to determine whether, viewing the facts in the light most favorable to the state, a rational factfinder could have found the essential elements of the crime beyond a reasonable

doubt. *Cervantes*, 319 Or at 125. We note that our UUV discussion is based on the 2017 version of ORS 164.135.[1]

As to the UUV count, defendant argues that he was entitled to a judgment of acquittal because the state proceeded under ORS 164.135(1)(a). He points to *State v. Civil*, 283 Or App 395, 388 P3d 1185 (2017), and *State v. Fuller*, 303 Or App 47, 463 P3d 605 (2020), for the proposition that a person who possesses a vehicle by agreement with the owner cannot be convicted of UUV under ORS 164.135(1)(a) based on violating that agreement but, instead, can only be convicted of UUV, if at all, under ORS 164.135(1)(b) or (c). As to the robbery count, defendant argues that, if he was entitled to a judgment of acquittal for UUV, then he was also entitled to a judgment of acquittal for robbery, because the UUV charge was the predicate offense for the robbery charge.[2]

Before addressing the merits of defendant's arguments, we must first consider the threshold issue of preservation. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We look to the purposes underlying the preservation requirement to determine whether an issue was adequately preserved. *Id.* "Ultimately, the preservation rule is a practical one, and close calls *** inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009).

Defendant points to the MJOA that the trial court made on his behalf as preserving the claim of error or, alternatively, requests plain-error review. We conclude that the

---

[1] Defendant's crimes took place in 2021, so he should have been charged with UUV under the current version of ORS 164.135, which reflects amendments made in 2019. However, the indictment tracked the language of the 2017 version; no one raised that issue below; and both parties make their arguments on appeal under the 2017 version. Accordingly, our analysis is based on ORS 164.135(1) (2017), *amended by* Or Laws 2019, ch 530, § 1, and all references herein are to that version of the statute.

[2] Second-degree robbery can be predicated on either theft or UUV. *See* ORS 164.405(1); ORS 164.395(1). Here, the indictment listed theft and UUV in the alternative as the predicate offense for robbery, but the parties agree that the state proceeded solely on the theory of UUV as the predicate offense. We therefore treat the UUV as the predicate offense for the robbery.

claim of error is not preserved.[3] It is not entirely clear why the court felt compelled to make an MJOA on defendant's behalf, especially when the court would be deciding for itself at verdict whether the state proved its case. Putting that aside, the fact remains that the MJOA was "general" in nature. No specific arguments were made as to the UUV count. No case law was cited. No one referred to an agreement with the car dealership for defendant to have custody of the car. *Cf. Fuller*, 303 Or App at 49-50 (concluding that the defendant had adequately preserved the *Civil* issue for appeal, where he argued in support of his MJOA that he had his half-sister's permission to use her car). It is readily apparent from the colloquy at trial that neither defendant, the state, nor the court was thinking of the legal issue in *Civil* and *Fuller*. Under the circumstances, the issue that defendant raises on appeal was not adequately preserved by the "general" MJOA made on his behalf. *See State v. Reynolds,* 250 Or App 516, 519, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (treating a sufficiency-of-the-evidence argument as unpreserved, where the defendant made an MJOA on all counts without argument, and the trial court denied it on all counts with a general statement that the evidence was sufficient).

Our review is therefore limited to plain error. Even when an issue is unpreserved, we have discretion to correct a "plain" error upon request. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court made a "plain" error, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

We conclude that any error was not plain. Under ORS 164.135(1)(a), a person commits UUV when a person

---

[3] The state concedes preservation, but we have an independent obligation to assess preservation, regardless of what position the parties take. *Harrison v. Hall*, 211 Or App 697, 701, 156 P3d 141, *rev den*, 343 Or 159 (2007); *see also generally Cervantes v. Dept. of Human Services*, 295 Or App 691, 693, 435 P3d 831 (2019) ("We are not bound to accept [a] concession and must decide whether to accept it.").

"takes, operates, exercises control over, rides in or otherwise uses another's vehicle" without the owner's consent. Here, there was evidence (and the trial court ultimately found) that defendant "took" the Cadillac without the owner's consent. Relying on *Civil* and *Fuller*, defendant argues on appeal that he nonetheless could not be convicted under ORS 164.135(1)(a), because he had permission to test drive the vehicle.

In *Civil*, the defendant was working as a driver for a food company, which involved using a company-owned van. 283 Or App at 396-97. The defendant used the van in a manner contrary to what was agreed and failed to return the van as agreed, which led to his being convicted of violating ORS 164.135(1)(a). *Id.* We construed ORS 164.135(1)(a) to be limited to circumstances where the defendant did *not* have custody of the vehicle by agreement with the owner, whereas ORS 164.135(1)(b) and (c) address circumstances where the defendant obtained custody by agreement with the owner. *Id.* at 407, 413. Because the defendant in *Civil* gained custody of the van by agreement with the owner, it was essentially a mistake to charge him under ORS 164.135(1)(a). *Id.* at 418. He could not be convicted under subsection (a), which was the only subsection under which he was charged, so it was error to deny his MJOA. *Id.* at 396. Similarly, in *Fuller*, the defendant was convicted of violating ORS 164.135(1)(a) based on his driving his half-sister's car in violation of their agreement that he could live in the car but not drive it. 303 Or App at 48. Because the defendant obtained custody of the vehicle by agreement with the owner, he could not be convicted under subsection (a), which was the only subsection under which he was charged, and it was error to deny his MJOA. *Id.* at 50.

Whether defendant could be convicted of violating ORS 164.135(1)(a) on the facts of this case is a legal point that is reasonably in dispute and not obvious. In particular, it is not at all clear that merely driving a vehicle, with the owner (or the owner's agent) present in the vehicle, constitutes obtaining "custody" or "possession" of the vehicle by agreement with the owner in the sense that those terms are used in ORS 164.135 and discussed in *Civil* and *Fuller*. Defendant was allowed to test drive the Cadillac, but

he was accompanied and directed by the owner's agent, D, at all times until he forced D out of the vehicle. The situation is sufficiently different from what happened in *Civil* and *Fuller*—which both involved a defendant who had sole physical custody of a vehicle by agreement with the owner—that any error in not entering a judgment of acquittal on the UUV count was not plain. It follows that the court did not plainly err in not entering a judgment of acquittal on the robbery count either.

## MERGER

In his third assignment of error, defendant argues that the trial court plainly erred by failing to merge the guilty verdicts on Counts 1 and 3 into a single conviction for second-degree robbery. Defendant did not raise that issue in the trial court, so our review is limited to plain error. The state concedes that the court plainly erred. We agree and accept the concession.

The error is one of law. *See State v. Ham*, 300 Or App 304, 306, 453 P3d 927 (2019) ("We review the sentencing court's determination of whether to merge verdicts for errors of law."). Also, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record. Under ORS 161.067, which governs merger, guilty verdicts must merge when two crimes are committed against the same victim in the same criminal episode, and one is the predicate offense for the other. *See Martinez v. Cain*, 366 Or 136, 147, 458 P3d 670 (2020) (guilty verdicts for robbery and attempted aggravated felony murder had to merge, where the robbery was the predicate offense for the attempted aggravated felony murder); *State v. Postlethwait*, 312 Or App 467, 471, 493 P3d 35 (2021) (guilty verdicts for third-degree theft and second-degree robbery had to merge, where "the theft offense was the factual and legal predicate for the robbery"). Here, UUV was the predicate offense for second-degree robbery. It was therefore plain error not to merge the guilty verdicts, and we exercise our discretion to correct the error.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.