404 December 6, 2023 No. 638

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY RAY CAMPBELL,
*Defendant-Appellant.*

Josephine County Circuit Court
20CR44303; A176242

Matthew G. Galli, Judge.

Argued and submitted October 27, 2023.

Sarah De La Cruz, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Brad Mullen, Certified Law Student, argued the cause for respondent. On the brief were Jon Zunkel-deCoursey, Assistant Attorney General, and Connor Barnes.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of reckless driving, ORS 811.140; one count of second-degree criminal mischief, ORS 164.354; and one count of failure to perform the duties of a driver when property is damaged, ORS 811.700. On appeal, defendant challenges only his conviction for failure to perform the duties of a driver.

In his first assignment of error, defendant argues that the trial court erred in excluding evidence of defendant's discussion with firefighters at the scene of the accident. In his second assignment of error, defendant argues that the trial court plainly erred when it failed to acquit defendant, *sua sponte*, of the crime of failure to perform the duties of a driver when property is damaged. In his third assignment of error, defendant argues that the trial court plainly erred by failing "to ensure that the jury agreed on the factual occurrence that constituted the crime of failure to perform the duties of a driver when property is damaged." For the reasons below, we affirm.

*Defendant's First Assignment of Error.* In a pre-trial *in limine* hearing, the state moved to exclude a portion of the recording of defendant's conversation with Officer Harris, who spoke to defendant at defendant's home a few hours after the accident. In the portion of the recording in question, defendant told Harris that a wildlands firefighter had told defendant that he could leave the scene of the accident to "go get a tow truck." The state argued that defendant's statement to Harris was not relevant. Defendant opposed the motion *in limine*, arguing that the exchange with Harris about the firefighter was relevant to defendant's state of mind when defendant left the scene of the accident, and thus relevant to whether defendant failed to perform the duties of a driver. The trial court agreed with the state that the exchange was not relevant, and excluded that portion of the recording. On appeal, in his first assignment of error, defendant challenges that ruling.

"We review a trial court's determination of whether evidence is relevant for errors of law." *State v. Curtiss*, 193

Or App 348, 351, 89 P3d 1262, *rev den*, 337 Or 282, 96 P3d 347 (2004) (internal citations omitted). Under OEC 402, "[a]ll relevant evidence is admissible[;] *** [e]vidence which is not relevant is not admissible." OEC 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

ORS 811.700(1) sets forth the duties of a driver of a vehicle when that driver "knows or has reason to believe that the driver's vehicle was involved in a collision *** that results in damage to property[.]" As relevant here, in the event that the driver's vehicle causes property damage, the driver must "[t]ake reasonable steps to notify the owner or person in charge of the property of the collision and of [various other pieces of important identifying information]." ORS 811.700(1)(d)(A).[1] "It is left to the finder of fact to determine *** whether the steps taken to provide the information to the owner or person in charge met [the reasonable steps] standard." *State v. Porter*, 95 Or App 373, 374, 768 P2d 940, *rev den*, 308 Or 33 (1989).

On appeal, defendant argues that the excluded evidence was relevant on the issue of whether "defendant knew that he failed to take 'reasonable steps' to notify the owners of the fence and power box of the damage and the other facts listed in ORS 811.700." The state responds that "[t]here is no rational relationship between what permission defendant

---

[1] ORS 811.700(1) provides, in ***relevant*** part:

"(1) A driver of a vehicle who knows or has reason to believe that the driver's vehicle was involved in a collision commits the offense of failure to perform the duties of a driver when property is damaged if the driver's vehicle is involved in a collision that results in damage to property and the driver does not perform duties required under any of the following:

"* * * * *

"(d) If the driver's vehicle has been involved in a collision resulting only in damage to fixtures or property legally upon or adjacent to a highway, the driver shall perform all of the following duties:

"(A) Take reasonable steps to notify the owner or person in charge of the property of the collision and of the driver's name and address, the vehicle owner's name and address and, if the driver's vehicle is a motor vehicle, the registration number of the motor vehicle, the name of the insurance carrier covering the motor vehicle, the insurance policy number of the insurance policy insuring the motor vehicle and the phone number of the insurance carrier."

may have had to leave and return with a tow truck and the steps defendant knowingly did or did not take to notify the property owners of the damage from the collision."

We agree with the state. Whether defendant asked firefighters if he could leave the scene of the accident to get a tow truck does not make it any more or less likely that defendant knowingly took reasonable steps to notify owners of the damaged property as required under ORS 811.700(1)(d). That is, defendant obtaining permission to leave the scene to get a tow truck is an action unrelated to seeking out, or providing information to, the owners of the fence or the owners of the power box. Defendant's reasons for leaving the scene did not change whether defendant knew that he took reasonable steps to notify the property owners. Hearing about defendant's conversation with firefighters would not have helped the jury decide that question. Thus, the trial court did not err in determining that the evidence was not relevant and excluding it. We reject defendant's first assignment of error.

*Defendant's Second Assignment of Error.* In his second assignment of error, defendant argues that the trial court plainly erred in failing to acquit defendant, because the "evidence was insufficient to prove that defendant failed to take reasonable steps to notify the owner of the damaged fence and power box." The state responds that "the trial court did not err—plainly or otherwise—by not acquitting defendant."

Because defendant did not preserve this claim of error, we must consider first whether the error was plain. ORAP 5.45(1); *see State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) ("[T]he appellate court may consider errors of law apparent on the face of the record notwithstanding a defect in preservation at trial or presentation on appeal." (internal quotation omitted)). An error is plain error if "(1) the error is one of law; (2) the error is apparent, in that the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the fact that comprise the error are irrefutable." *State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046, *rev den*,

352 Or 666 (2012) (internal quotations omitted). In this case, "[b]ecause the sufficiency of the evidence is a question of law, and we need not go outside the record or choose between competing inferences to resolve the issue in this case, the question reduces to whether the legal point is obvious." *State v. Robertson*, 289 Or App 703, 708, 412 P3d 223, *rev den*, 363 Or 481 (2018) (internal quotations omitted) (narrowing analysis of defendant's unpreserved argument that the state failed to prove defendant's guilt beyond a reasonable doubt, and that the trial court erred in failing to acquit him *sua sponte*).

Considering the record from the trial court in the light most favorable to the state, we conclude that the state presented sufficient evidence for a rational factfinder to determine beyond a reasonable doubt that defendant (1) knew he damaged property when he crashed his car and (2) knowingly failed to take reasonable steps to notify the owners of said property. *See State v. Taylor*, 323 Or App 422, 425, 523 P3d 696 (2022) (setting forth our standard of review for motions for judgment of acquittal); ORS 811.700 (describing offense of failure to perform the duties of a driver when property is damaged). Such evidence included defendant's own testimony at trial that he was aware of the damage, and that he did not contact the property owners. The evidence also included the fence owner's statement and the Pacific Power representative's testimony, which confirm that defendant never contacted either party about the damage to their respective property.

We conclude that that evidence is sufficient to convince a rational factfinder of defendant's guilt under ORS 811.700(1)(d), beyond a reasonable doubt. Therefore, the legal point underlying defendant's second assignment of error—that the state's evidence was insufficient to prove that defendant violated ORS 811.700(1)(d)—is not obvious. Thus, the trial court did not plainly err in failing to acquit defendant, *sua sponte*, on that basis. We reject defendant's second assignment of error.

*Defendant's Third Assignment of Error.* In defendant's third assignment of error, he asserts that the trial court plainly erred when it "failed to ensure that the jury

agreed on the factual occurrence that constituted the crime of failure to perform the duties of a driver when property is damaged," either by requiring the state to elect a particular occurrence of the crime or by giving a jury concurrence instruction. We disagree.

As defendant's third assignment of error is unpreserved, we examine it for plain error. Defendant was charged with a single violation of ORS 811.700(1)(d). That single violation was the result of a single occurrence—defendant's vehicle's collision with a fence and a power box. That single collision caused damage to both pieces of property, and defendant subsequently took no steps to identify, or to notify, the owner of either the fence or power box. It is not obvious that the trial court erred by not requiring the state to elect a particular occurrence of the crime or by not giving a jury concurrence instruction. The court therefore did not plainly err, and we reject defendant's third assignment of error.

Affirmed.