No. 452 June 26, 2024 531

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES DAVID ALDRIDGE,
*Defendant-Appellant.*

Curry County Circuit Court
22CR09392; A179731

Jesse C. Margolis, Judge.

Argued and submitted April 24, 2024.

Carla E. Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree disorderly conduct, ORS 166.025, and resisting arrest, ORS 162.315, raising five assignments of error. In his first assignment of error, defendant argues that the evidence was not legally sufficient to prove that he committed disorderly conduct, and thus the trial court plainly erred in failing to enter a judgment of acquittal for that charge. In defendant's remaining assignments of error, he argues that the trial court plainly erred in failing to give complete jury instructions as to the elements of both disorderly conduct and resisting arrest. The state concedes that the trial court plainly erred in failing to give complete jury instructions.

Because it is not obvious and is reasonably in dispute whether the evidence was legally sufficient to prove that defendant committed disorderly conduct, we reject defendant's first assignment of error. However, we accept the state's concession that the trial court plainly erred in failing to give complete jury instructions, and we exercise our discretion to correct that error. Accordingly, we reverse and remand for further proceedings.

*Sufficiency of the evidence:* Whether the evidence is sufficient to support a conviction is a question of law. *State v. Reynolds*, 250 Or App 516, 520, 280 P3d 1046, *rev den*, 352 Or 666 (2012). We review the denial of a motion for judgment of acquittal to "determine whether, viewing the facts in the light most favorable to the state, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Taylor*, 323 Or App 422, 425-26, 523 P3d 696 (2022).

Because defendant did not move for a judgment of acquittal, our review is limited to plain error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court committed a "plain" error, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

We conclude that any error here was not plain. As relevant here, a person commits second-degree disorderly conduct if they recklessly create a risk of causing public inconvenience, annoyance, or alarm by engaging in violent, tumultuous, or threatening behavior. ORS 166.025(1) (a). "Public" refers to the larger community, not just specific individuals. *State v. Love*, 271 Or App 545, 553-54, 351 P3d 780 (2015). When the state charges the offense with a reckless mental state, as here, the state must "adduce evidence that defendant consciously disregarded an unjustifiable risk that his behavior would affect not just specific individuals, but the public in general." *Id.* at 554.

Relying on *Love*, defendant argues that the state here did not present the minimal evidence required to allow a reasonable inference that he was aware of and consciously disregarded a risk that his conduct could be heard or observed by the "public." *See id.* at 555-56 (evidence was insufficient to support finding that defendant, by engaging in a fight inside a small private mobile home, created risk of "public" inconvenience, annoyance, or alarm). In *Love*, there was no evidence— such as how loud the fight was or whether the windows of the mobile home were open—to "suggest that defendant knew of a risk that his conduct would affect the public." *Id.* at 555.

In contrast, here, during an encounter that lasted 10-15 minutes, defendant appeared inebriated, yelled, used a lot of hand gestures, and exposed his buttocks on the side of a public road in broad daylight where one motorist had passed by shortly before the incident. Viewing that evidence in the light most favorable to the state, it is not obvious that a reasonable factfinder could not infer that defendant was aware of and consciously disregarded an unjustifiable risk that his conduct would cause inconvenience, annoyance, or alarm to the general public. Thus, whether defendant could be convicted of second-degree disorderly conduct on the facts of this case is reasonably in dispute, and any error in failing to enter a judgment of acquittal on that charge was not plain.[1]

---

[1] That conclusion is consistent with our approach to unpreserved challenges to the sufficiency of the evidence, where, absent a subsequent change in the legal standard or a lack of *any* evidence in the record to support the offense, "the

*Jury instructions:* In defendant's third and fourth assignments of error, he contends, and the state concedes, that the trial court plainly erred in failing to define "recklessly" and "resists."[2] We review a claim that the trial court failed to instruct the jury on all elements of a crime for errors of law. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

We agree with the parties that the trial court's failure to instruct the jury on the definitions of "recklessly" and "resists" was plain error. A person acts "recklessly" if they are "aware of and consciously disregard[] a substantial and unjustifiable risk" that a particular result will occur, and the "nature and degree" of the risk must be such that disregarding it constitutes a "gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9). "Resist" is defined as "the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." ORS 162.315(2) (c).

Absent those definitions, the jury likely had an erroneous understanding of what the state was required to prove.[3] *See State v. Moravek*, 297 Or App 763, 771, 444 P3d 521, *rev den*, 365 Or 533 (2019) ("Instructional error exists where the instructions give the jury an incomplete and thus inaccurate legal rule to apply to the facts. Accordingly, a trial court must instruct the jury on all material elements of the charged crime, and failure to do so is plain error." (Internal quotation marks and citations omitted)). We

---

failure to move for a judgment of acquittal is ordinarily fatal." *State v. Inloes*, 239 Or App 49, 51, 243 P3d 862 (2010); *Reynolds*, 250 Or App at 520.

[2] Defendant also assigns error to the trial court's failure to define "violent, tumultuous, or threatening behavior," and "intentionally." We do not reach those assignments of error because defendant's third and fourth assignments of error are dispositive.

[3] A person commits second-degree disorderly conduct if they recklessly create a risk of public convenience, annoyance, or alarm by engaging in violent, tumultuous, or threatening behavior. ORS 166.025(a). A person commits the crime of resisting arrest if they intentionally resist a person known by the person to be a peace officer in making an arrest. ORS 162.315.

further conclude that the error is not harmless. *State v. McKinney/Shiffer*, 369 Or 325, 335, 505 P3d 946 (2022) (an instructional error is not harmless if the absence of the jury instruction "probably created an erroneous impression of the law" in the minds of the jury and "if that erroneous impression may have affected the outcome of the case.") (internal citation omitted). For the same reason that we conclude the error is not harmless, we exercise our discretion to correct the error.

Reversed and remanded.