448　　　　　　October 9, 2024　　　　　　No. 723

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE RYAN BROWER-GILLPATRICK,
*Defendant-Appellant.*

Columbia County Circuit Court
21CR37770; A179899

Michael T. Clarke, Judge.

Submitted on July 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for a single count of second-degree robbery; remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

In this criminal appeal, defendant challenges his convictions for second-degree robbery, ORS 164.405 (Count 1); second-degree kidnapping, ORS 163.225 (Count 2); unlawful use of a weapon (UUW), ORS 166.220 (Count 3); and unauthorized use of a vehicle (UUV), ORS 164.135 (Count 4).[1] The charges arose out of an incident in which defendant, while holding an open pocketknife, demanded that the victim drive him to a park and then to a motel. In his first three assignments of error, defendant contends that the trial court erred in denying his motions for judgment of acquittal (MJOA) on Counts 1, 2 and 3. In his fourth assignment, defendant argues that the trial court plainly erred by failing to merge the verdicts on Counts 1 and 4. For the reasons explained below, we agree with defendant's merger argument, but we reject his first three assignments of error.

When reviewing the trial court's denial of an MJOA, we view the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor. *State v. Connelly*, 298 Or App 217, 218, 445 P3d 940 (2019). We consider "whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010).

Here, the record shows that when the victim was standing by his car and preparing to leave for work, defendant ran up from behind and stood about one foot away from the victim. Defendant, who was running from the police, was soaking wet, covered in blood, and "[p]retty scary looking." Defendant appeared to be on drugs, and he was holding an open pocketknife.

Defendant demanded that the victim drive him to a park, and when the victim refused, defendant got into the backseat of the victim's vehicle. The victim, whose family was inside the house at the end of his driveway, was concerned that defendant would hurt him or his family. The

---

[1] Defendant was also convicted of the misdemeanor offenses of menacing, ORS 163.190 (Count 5) and second-degree theft, ORS 164.045 (Count 6), but he does not challenge those convictions on appeal.

victim decided to drive defendant to where he wanted to go. While the victim drove, defendant lay down in the backseat of the vehicle, and he put on some clothes belonging to the victim before exiting the vehicle. Defendant was in the victim's car for about 10 minutes.

Viewed in the light most favorable to the state, that evidence was sufficient for the jury to find that defendant implicitly threatened the immediate use of physical force upon the victim. *See* ORS 164.405 (defining second-degree robbery); *see also State v. Brown*, 315 Or App 284, 285-86, 498 P3d 826, *rev den*, 369 Or 110 (2021) (affirming convictions for second-degree robbery because "the jury could reasonably have inferred that [the] defendant's display of the weapon while in close proximity to the [victim] constituted an implicit threat"). It was also sufficient for the jury to find that defendant intended to interfere substantially with the victim's personal liberty, as required for second-degree kidnapping. *See* ORS 163.225(1) (defining second-degree kidnapping); *see also State v. Zweigart*, 344 Or 619, 636, 188 P3d 242 (2008) ("[A] reasonable juror may infer intent to interfere substantially with a victim's freedom of movement from evidence that the defendant moved the victim a substantial distance."). The kidnapping was not merely incidental to the crime of UUV because defendant first demanded that the victim drive, and then sought to minimize the risk of discovery by lying in the backseat and putting on some of the victim's clothes before exiting the vehicle. *See State v. Worth*, 274 Or App 1, 12, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016) (observing that evidence that a defendant "sought to minimize the risk of discovery" is probative of intent to substantially interfere with a victim's freedom of movement). In addition, the evidence was sufficient for the jury to find that defendant carried or possessed the open pocketknife with the intent to threaten immediate harm or injury, as required for a conviction of UUW. *See* ORS 166.220(1)(a) (defining UUW); *see also State v. McAuliffe*, 276 Or App 259, 263, 366 P3d 1206, *rev den*, 359 Or 847 (2016) (explaining that actual use of the weapon is unnecessary for a conviction of UUW). For those reasons, we reject defendant's first three assignments of error.

In his fourth assignment, defendant argues that the trial court plainly erred by failing to merge the guilty verdicts for UUV and second-degree robbery into a single conviction for second-degree robbery. The state concedes the error. We agree with and accept that concession. In *State v. Taylor*, 323 Or App 422, 429, 523 P3d 696 (2022), another case in which UUV was the predicate offense for second-degree robbery, we held that it was plain error not to merge the guilty verdicts, and we exercised our discretion to correct the error. The same reasoning applies here. The state's concession weighs in favor of exercising our discretion to correct it. Furthermore, "the ends of justice will not be satisfied by a refusal to correct what everyone involved acknowledges to be error." *State v. Jones*, 129 Or App 413, 416, 879 P2d 881 (1994). We therefore exercise our discretion to correct the plain error.

Convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for a single count of second-degree robbery; remanded for resentencing; otherwise affirmed.